# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

H-D U.S.A., LLC and HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC,

        Plaintiffs,

v.

SUNFROG, LLC *d/b/a* SUNFROG SHIRTS and JOHN DOES,

        Defendants.

Case No. 17-CV-711-JPS

**PROTECTIVE ORDER**

On February 21, 2018, the parties jointly requested entry of a stipulated protective order and submitted a proposed draft of the order. (Docket #69). The parties request that the Court enter such an order so that they may avoid the public disclosure of confidential information and documents. *Id.* at 1–2. Federal Rule of Civil Procedure Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civ. L. R. 26(e).

The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade

secrets. . .and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). The Court can find that even broad, blanket orders are narrowly tailored and permissible when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006).

The parties have requested the protective order in this case in good faith. The parties report that this trademark case will entail the disclosure of confidential information, including trade secrets or other technical, financial, or commercial information. (Docket #69 at 1–2). As a result, the Court is satisfied that there exists a sufficient basis for the requested protective order.

The parties' proposed protective order, however, appears overbroad. It provides that, if the parties need to file documents containing confidential information with the Court, they may do so by filing the documents under seal. In other words, the parties wish to be able to seal—in their entirety—any documents that contain sensitive information. This

departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, others may contain only small amounts of confidential information, and so redaction of that information may be more appropriate.

The Court, thus, has crafted its own protective order to enter in this case. The Court's protective order still allows the parties to file documents under seal, but does not presume that every confidential document should be filed under seal in its entirety. Rather, it contemplates that the parties will use their judgment to determine the best way to protect confidential information in submitted documents. The order also includes a provision consistent with the Court's and this district's standard practice of allowing any party and any interested members of the public to challenge the sealing of documents.

Finally, the Court must note that it subscribes to the view that its decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Because the parties' proposed protective order adequately complies with the standards set forth above (after the Court's minor changes), the Court will enter an order based on the parties' proposed order.

Accordingly,

Pursuant to the joint request of the parties (Docket #69), the Court finds that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others. The Court further finds that the terms of this Order are fair and just and that good

cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED** that, pursuant to Civil Local Rule 26(e) and Federal Rule of Civil Procedure 26(c)(1)(D),

**(A) DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other

materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

(6) Inadvertent production of documents or information subject to attorney-client privilege, work-product protection, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work-product doctrine, or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of

such inadvertent production and requests in writing that such inadvertently produced material be destroyed. After receiving a written request for destruction from the producing party, the receiving party shall destroy the inadvertently produced documents and confirm in writing that it has done so. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this paragraph.

(7) Unless otherwise provided for in Paragraph (C)(2) of this Order, *infra*, if a party intends to produce or reveal CONFIDENTIAL or ATTORNEYS' EYES ONLY material of another party during a trial, court appearance, or hearing which is open to the public, the party intending to produce or reveal such material shall provide notice and opportunity to object, unless written consent from the producing party is previously obtained.

(8) Nothing in this Order precludes the right of any party to seek its modification by the Court in the future.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any

other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties or who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed and who agree to be bound by the terms of this Order.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(g) Disclosure may be made to any mediator who is assigned or retained by the parties for possible resolution of this action.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to outside counsel and employees of outside counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to in-house counsel for the parties.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

(g) Disclosure may be made to any mediator who is assigned or retained by the parties for possible resolution of this action.

(3) Nothing in this Order shall prevent any party from disclosing its own CONFIDENTIAL or ATTORNEYS' EYES ONLY material in any manner that it considers appropriate. Additionally, such material may be shown or used during an examination, either at depositions or hearings, of any officer, employee or retained expert of the party that produced the CONFIDENTIAL or ATTORNEYS' EYES ONLY material. Similarly, CONFIDENTIAL and ATTORNEYS' EYES ONLY material may also be shown or used during an examination, either at depositions or hearings, of any person who, from the face of the document, is an author, creator or recipient of such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL or ATTORNEYS' EYES ONLY material must be placed in a separate confidential transcript (whether print or electronic) by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal. If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party or any interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the movant prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(E) CONCLUSION OF LITIGATION.** The confidentiality obligations imposed by this Order shall remain in effect during the course of this litigation (including appeals) unless a disclosing party agrees otherwise in writing or a court order otherwise directs. At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated

as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise agreed to by the parties in writing or as provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge